You may proceed, counsel. I'm John Larimer. I'm an attorney for Appellant. And I would like to say preliminarily that opposing counsel complains that pages 1 through 14 of the excerpt are not truly excerpts, that they were not in the record below. Sadly, I have to confess that he is right. I checked it, and I apologize for that and agree with him that they should not be considered. All right. Very fine. Beyond that, however, I think that the ---- Counsel, I guess our first question is what's a slip-and-fall case doing in federal court? Well, it's a slip-and-fall because it occurred at an Indian casino that's regulated by IGRA in the compact with the State of California. And what gives you as a third-party beneficiary under that contract a claim that is cognizable in federal court? In other words, what standing do you have as a third-party beneficiary to bring this claim? I don't think the basis of the case is a third-party beneficiary, Your Honor. In fact, that's specifically excluded as I read the compact. Well, let me put it another way. I'm sorry. On what by what warrant or by what authority do you bring this claim here? It's Judge O'Scanlan's question. You say the compact, but the compact doesn't create any substantive rights of liability that a third-party can then invoke to bring suit. Sorry, Your Honor. There are at least two cases that were cited below, and Judge England himself cited the O'Scanlan case in his opinion, and I believe you'll find that at page 224, if I remember correctly, of the transcript or excerpts, if you will. In any event, he found that there was subject matter jurisdiction inside of that case. Of course, subject matter jurisdiction in federal district courts to decide disputes between the signatories to the compact, i.e., the State and the tribe. I have the question that we're trying to get at with you is a different question, and that is, do we have subject matter jurisdiction to hear a claim by a third-party who is not a direct party to the compact? I believe you do, and O'Scanlan is one such authority for that. And then on page 126 of that case, O'Scanlan, I believe that was a horse-racing case, Your Honor, although that may have been a different case. Is this the Corazon Band of Indians, is that the case we're talking about? The Corazon Band of Indian case? Yes. The one you're talking about? All right. And how does that case support your entitlement to bring a claim on behalf of an individual? Well, because the case very clearly stated that everything involving the casinos and the gambling operation fell under IGRA. Also, at page 127 of the terms of the statute of limitations, there was a dispute between the parties to the compact, the State of California and the Corazon Band of Indians, over whether or not they had to collect and remit certain horse-racing fees because they were running off-track betting at their casino. You are in a different position than the Indians. You are a private claimant who was injured in a slip-and-fall at the casino. Sure. And how does that case be of use? Your case sounds an awful lot like a guy who is named a beneficiary in a will. He's going to inherit some money, but the testator hasn't died yet. Your compact has never been completed. At the time of this accident, it was still an accident. The remaining facts had to be developed before it was completed. I've alleged in the complaint, and I believe that the compact had been signed and approved by the Department of Interior, and it wasn't enforced. Am I misunderstanding? Well, there's the insurance that you're trying to get at. Pardon me? They hadn't purchased the insurance that you're trying to get at. No, we've alleged that there was insurance, in fact, in the complaint. And we believe there was. And what was the basis of that belief? Representation, as alleged in the complaint, by insurance adjusters and insurance companies and attorneys. Is that insurance by estoppel? No, but it certainly gives the plaintiff a reasonable basis to believe that there's insurance. However, if there is no insurance, then the waiver is of no help to the plaintiff because it's only to the extent of the insurance coverage, and that's what the compact says in Section 10.2d, I believe it is. Why wouldn't the claimant be able to file a claim against the tribe directly? In other words, with the tribe. Boy. Much as you would file a claim against the city or county for injuries sustained on county or city property. If Your Honors would be willing to read the first 25 paragraphs of the complaint, of the Second Amendment complaint, and in particular, paragraphs 9 through 15 that appear on pages 15 through 25 of the excerpt, you will see the tremendous effort that plaintiff went to to do that precise thing. And in fact, Judge England said in his opinion, and I quote, This court cannot overstate its dismay with respect to defendant's apparent dilatory conduct in adopting the requisite ordinance and failing to timely respond to plaintiff's repeated inquiries about the claims process to be employed in this case. In those paragraphs, the complaint alleges repeated over and over attempts to get even a procedural indication from the casino of how to proceed or how to file a claim. It was only, and it's pled in the complaint, it was only the ---- Breyer. But that doesn't answer the jurisdictional concern, Mr. Larimer. The fact that you've been stonewalled by the tribe, which is what you're alleging and I did read your Second Amendment complaint, I see what you're alleging, but that doesn't answer my concern, which is, where is the power in Federal district courts to take cognizance of a claim by an individual who's seeking what I view to be third-party beneficiary rights under the Compact, which, as Judge Goodwin points out, is rights that are in co-aid at this point. Well, if the Court ---- I have cited a number of cases in the points of authorities in opposition to the motion dismissed, and in particular, the Court will find those commencing at page 120 of the excerpts, and 127 of that excerpt in that opposition cites, among other things, Great Western Casinos. That was an individual against the casinos and involved a claim for breach of contract, fraud, breach of fiduciary duty, and conversion, all courts. Similarly, Kremple was a tort cause of action for sexual harassment by a former employee who brought that action, and that ñ neither of those cases was between the State and the casino, and the ñ Was it with jurisdiction questioned in those cases? Did anybody raise that? Those cases were cited because the courts found jurisdiction to exist, subject-matter jurisdiction to exist. And, in fact, Kremple in particular is cited for the proposition that since there was no tribal court, when the plaintiff filed in Federal court, that he ñ she, as it turns out to be, was ñ maybe it wasnít he, Iím not sure of that ñ was not required to go back to the tribal court that was after acquired or after established. So, anyway, they allowed the plaintiff in that case to continue in the district court, did not make him go back to the ñ to the tribal court. And we have a similar result in Great Western Casinos as well. So I donít think thatís a determining factor that we happen to be a third-party standing casino as opposed to State versus casino who are parties to the contract. But weíll take a look at those cases. Okay. None of those cases, by the way, or neither of those cases I just cited, involve State versus casino. Okay. Those cases were found to be appropriate. And have I run out of my time? No. Youíve got a minute left. Would you like to reserve or ñ Iíll reserve one minute, although I have a lot more to say. Okay. Well, weíd love to hear you, but we have lots of other people who want to talk to us, too. Let me get my stuff out of the way here. Thank you. Good morning. Joel Halverson appearing for Berry Creek Rancheria of Maidu Indians in Gold Country Casino. Halverson. Our arguments are twofold, as the Court is aware, in terms of jurisdiction as well as sovereign immunity. Iíll pick up on jurisdiction first, since that seems to be what the Court is primarily interested in. This Court is presumed to lack jurisdiction in the district court, rather, and thereís no diversity of citizenship. I think thatís clear, based on the Cherokee Nation case. Plaintiffs have sued under EGRA. Our position is that EGRA relates to gaming disputes in Federal criminal prosecutions. And I think the Court is correct in identifying this as a slip-and-fall case, a garden-variety tort case, based on State law, actually. Well, now, what about the cases that Mr. Larimer cites, the Cabazon case and the Great Western Casino case? The Cabazon case is distinguishable, I believe, because it was a matter involving a dispute between the State and the casino, and therefore involving a first-party claim under a compact. The other cases cited by counsel in argument, the Krimple and Great Western Casino cases, are exhaustion cases, and exhaustion is not at issue here. Exhaustion would only be applicable in cases of concurrent jurisdiction, where both the Federal court and the Tribal court have jurisdiction over a matter. Tribal jurisdiction isnít even at issue in this case. No claim has even been brought in a Tribal court. But because there is no Federal jurisdiction under either Federal question or diversity, there is no Federal jurisdiction and, therefore, no concurrent jurisdiction, and exhaustion of Tribal court remedies is not at issue before the Court. I covered the e-grab being the only basis stated in the complaint. Itís not applicable. This is not a gaming dispute. This is a negligence claim arising out of a slip-and-fall accident. Roberts. Counsel, you are not required to consume all of your time. Thank you. If you feel youíve covered the key issue, why? Well, we would ñ yes, Your Honor. Thank you. We would just also point out that the district court correctly determined that even if there was jurisdiction, that the court has not expressly waived its immunity from suit in Federal or State court. An express waiver is required, and the compact is not even self-affecting, but even if it were, certainly in no way purports to waive the tribeís immunity from suit in Federal or State court. Thank you. Thank you, counsel. Mr. Larimer, do you have anything further? If I understand the defense argument, what heís saying is that the Krimple case and West Great Casinoís leak and so on were cases where there was dual jurisdiction and, therefore, there was exhaustion. Thatís calling something other than what it is because thereís either jurisdiction or thereís not jurisdiction, and if thereís jurisdiction in two places, itís dual. That doesnít prevent there from being jurisdiction in the district court, and I believe there is. And, furthermore, I believe this case lies and ought to be allowed to continue in the district court by reason of the fact it was filed in district court before there was any tribal court. And as far as we can tell, and if youíll look at the Exhibit A to the complaintó I thought the compact addressed that situation. I thought they said in the absence of the existence of a Federal court, you could simply bring your claim before the tribal council, which would act as the adjudicator. And we ñ don't we have case law that says that there doesnít have to be a tribal court in existence so long as there are ñ thereís a tribal government that can adjudicate the claim? The cases of which Iím aware and which Iíve cited say otherwise. And, in fact, if you look at 12d or 12 or 10.2d, if you will, I donít think it lends itself to that interpretation at all. And I respectfully suggest that that might not be an accurate representation of what the compact says. All right. Thank you very much, counsel. Your time has expired. Thank you, Your Honor. The case just argued will be submitted for decision.
judges: Goodwin, O'scannlain, Tallman